IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| R.J. and T.H., individually and on behalf of L.S., a minor,<br><br>      Plaintiffs,<br>v.<br><br>OPTIMA HEALTH,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:21-00172-DBP<br><br><br>Chief Magistrate Judge Dustin B. Pead |

  Before the court is Defendant Optima Health's Motion to Dismiss, or in the alternative, to transfer venue. (ECF No. 20.) Having reviewed the briefing and case law, the court concludes the motion may be resolved without oral argument.[1] For the reasons stated herein, the court grants Defendant's Motion to Transfer Venue.[2]

## BACKGROUND

  This is an action involving a claim for breach of insurance policy terms and for a violation of the Mental Health Parity and Addiction Equity Act of 2008 (Parity Act), codified at 29 U.S.C. § 1185(a). The Parity Act is an amendment to the Employee Retirement Income Security Act of 1974 (ERISA). The Parity Act is a federal law that seeks to prevent group health plans and health insurance issuers that provide mental health, or substance use disorder benefits, from imposing less favorable benefit limits under those categories than for those involving medical or surgical benefits.

---

[1] *See* DUCivR 7-1(g).

[2] The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 12.)

The following facts are drawn from Plaintiffs' Complaint. In reviewing a motion to dismiss, the court accepts all well-pleaded facts as true and views them in the light most favorable to Plaintiffs. *See, e.g., Mother v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

Plaintiffs are residents of Chesapeake, Virginia. Compl. ¶ 1. Defendant Optima Health (Optima) is a Virginia licensed insurer that is incorporated and headquartered in Virginia. Plaintiffs purchased an individual plan from Optima on healthcare.gov. Later the plan became a fully insured group policy covered by T.H's employer.

L.S. received medical care and treatment at Triumph Youth Services from January 2, 2020, to September 17, 2020. "Triumph is a licensed residential treatment facility located in Box Elder County Utah, which provides sub-acute inpatient treatment to adolescents with mental health, behavioral, and/or substance abuse problems." Compl. ¶ 4. Optima denied claims for payment of L.S.'s services at Triumph who is not a network provider for Defendant. Based on the record and evidence before the court, all decisions relating to benefits for L.S. were made by Optima in Virginia. The correspondence regarding payment during the appeals process was also directed toward Virginia, where Optima is headquartered.

Defendant moves to dismiss Plaintiffs' Complaint pursuant to Federal Rules 12(b)(1), 12(b)(2) and 12(b)(6). In the alternative, Defendant moves to transfer this matter to the Eastern District of Virginia. Plaintiffs bring causes of action for breach of the terms of the insurance policy and for violating the Parity Act.

**STANDARD**

Defendant moves to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6). Rule 12(b)(1) "allows a court to dismiss a complaint for lack of subject matter jurisdiction." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (citation omitted). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction take[s] two forms: either a "facial" or a "factual" attack. *See id.* at 1148 n.4.  A "'facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint,'" and the court "'must accept the allegations in the complaint as true.'" *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 877-78 (10th Cir. 2017) (quoting *Pueblo of Jemez*, 790 F.3d at 1151. Under a factual attack, a party may go beyond the allegations in the complaint and challenge the facts upon which subject matter jurisdiction rests. *See Pueblo of Jemez*, 790 F.3d at 1148.

Under Rule 12(b)(2) a movant questions whether a court has personal jurisdiction over a defendant. "The plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Behagen v. Amateur Basketball Ass'n of the United States*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). Where, as here, no evidentiary hearing has been held and the motion for personal jurisdiction is based on affidavits and other preliminary materials, the plaintiff "need only make a prima facie showing of personal jurisdiction." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc*., 514 F.3d 1063, 1070 (10th Cir. 2008) (citation omitted). Moreover, any factual disputes must be resolved in favor of the plaintiff. *Id.*

Defendants further move to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins v. Oklahoma ex rel. Dept. of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotation marks omitted). The allegations in the complaint must be "more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" Id. (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563, 127 S.Ct. 1955; see also *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) ("A plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss.").

Finally, Defendant moves to transfer this matter to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). Under § 1404(a), a district court may transfer an action "[f]or the convenience of parties and witnesses [and] in the interest of justice, … to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

## ANALYSIS

### A. Venue is proper by a narrow margin in Utah

ERISA's venue provision provides that when an action is brought in a district court of the United States "it may be brought in the district where the plan is administered, where the breach

took place, or where a defendant resides or may be found, and process may be served in any

other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Based on the

facts before the court, this matter involves claims by Plaintiffs who are Virginia residents,

against Defendant who is headquartered in Virginia. As noted by the Tenth Circuit in *Peay v.*

*Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000), the last clause of §

1132(e)(2) provides for nationwide service of process. "When a federal statute provides for

nationwide service of process, it becomes the statutory basis for personal jurisdiction." *Republic*

*of Panama v. BCCI Holdings (Luxembourg) S.A*, 119 F.3d 935, 942 (11th Cir. 1997). Therefore,

if due process is satisfied, § 1132(e)(2) provides for jurisdiction over Defendant by authorizing

service of process. *See Peay*, 205 F.3d at 1210.

       Optima asserts that in considering due process, the court must look to the long-standing

minimum contacts analysis originally set forth in *International Shoe Co. v. Washington*, 326 U.S.

310, 66 S.Ct. 154 (1945), and applied in *Daimer AG v. Bauman*, 571 U.S. 117, 34 S.Ct. 746

(2014). In *Daimer*, the Supreme Court applied the *Goodyear*[3] "essentially at home" test to

determine whether a foreign corporation may be subject to a court's general jurisdiction. Here,

Defendants argue their contacts with this forum have not been "continuous and systematic"

undermining claims to jurisdiction as they are not "essentially at home" in this district. However,

"'in a federal question case where jurisdiction is invoked based on nationwide service of

process[,]'" courts in this Circuit apply a different jurisdictional standard than the familiar

minimum contacts analysis. *Klein v. Cornelius*, 786 F.3d 1310, 1318 (10th Cir. 2015) (quoting

*Peay*, 205 F.3d at 1212). The relevant standard in this context, emanating from the Fifth

Amendment's Due Process Clause as noted by the Tenth Circuit, "requires the plaintiff's choice

---

[3] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S.Ct. 2846 (2011)

of forum to be fair and reasonable to the defendant." *Peay*, 205 F.3d at 1212. "In other words, the Fifth Amendment protects individual litigants against the burdens of litigation in an unduly inconvenient forum." *Id*. (internal quotation marks omitted).

"To establish that jurisdiction does not comport with Fifth Amendment due process principles, a defendant must first demonstrate that his liberty interests actually have been infringed." *Id*. (citation and internal quotation marks omitted). "The burden is on the defendant to show that the exercise of jurisdiction in the chosen forum will 'make litigation so gravely difficult and inconvenient that he unfairly is at a severe disadvantage in comparison to his opponent.'" *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478, 105 S. Ct. 2174, 2174, (1985) (internal brackets omitted).

Significant, in the current context, is the Tenth Circuit's observation that "in this age of instant communication and modern transportation, the burdens of litigating in a distant forum have lessened" such "that it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern." *Peay*, 205 F.3d at 1213. (internal brackets, citations, and quotation marks omitted).

In applying "the broad standard" announced by the Tenth Circuit, *see id.*, Optima has failed to adequately show that this forum is so unfair or unreasonable as to equate to a depravation of liberty interests. *See Richard T.B. v. United Health Care Ins. Co.*, 2019 WL 145736, at *2 (D. Utah Jan. 9, 2019) (concluding the defendant failed to meet this broad standard). Admittedly the court does express some concern because Defendant is a Virginia company that is not licensed to sell insurance in Utah and has not sought to advertise or sell insurance in Utah. Candidly it appears Defendant had no contact with Utah other than via Plaintiffs' conduct, something which, under the normal minimum contacts analysis, would be

insufficient to establish personal jurisdiction. *See Burger King Corp.*, 471 U.S. at 474 ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." (quotations and citation omitted); *Younique, L.L.C. v. Youssef*, No. 215CV00783JNPDBP, 2016 WL 6998659, at *3 (D. Utah Nov. 30, 2016) (noting that the question of contacts or connection with the forum depends on the defendant himself and not the contacts of plaintiff or third parties). However, here the court applies the broad standard set forth by the Tenth Circuit in *Peay* and concludes the concerns about contacts are better addressed in the request to transfer venue, which the court turns to. *See Richard T.B.*, 2019 WL 145736, at *2.

**B.  The Eastern District of Virginia is a more convenient forum**

In the alternative, Defendant requests this action be transferred to the Eastern District of Virginia. As noted previously, Plaintiffs are residents of Virginia, Defendant is headquartered in Virginia and is licensed to sell insurance in Virginia not Utah. In fact, it appears the only connection to Utah is Plaintiff's treatment at Triumph, which is a "licensed residential treatment facility" located in Utah. Compl. ¶ 4.

Under § 1404(a), a district court may transfer an action "[f]or the convenience of parties and witnesses [and] in the interest of justice, … to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In considering a motion to transfer a court weights the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other

considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991) (internal quotation marks omitted).

### 1. Plaintiffs' Choice of Forum

"[U]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir.1972). "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district." *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010). "Courts also accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Id.* (internal quotations and citation omitted).

In the instant matter, Plaintiffs reside in Virginia and even though L.S. received treatment in this district, the facts giving rise to Plaintiffs' claims comes from a denial of benefits that occurred in Virginia. Plaintiffs ask the court to review that denial of benefits.

In addition, Plaintiffs' argument that "L.S.'s personal medical information will be kept [more] private" here than in Virginia is unpersuasive. If there are legitimate interests in privacy, those interests can be adequately protected by redactions, use of initials, and if needed, filing matters under seal. In similar fashion the court is unpersuaded by Plaintiffs' unsupported assertions of cost savings. Plaintiffs are residents of Virginia and Defendant is headquartered in Virginia. If travel for the parties becomes an issue, litigating the matter in this district would require more travel not less travel. This factor weighs in favor of transfer.

### 2. Accessibility of Witnesses and Other Sources of Proof and the Cost of Making Such Proof

In the ERISA context, this factor is less important because ERISA cases are usually resolved via dispositive motions and discovery is relatively rare. Thus, this factor is neutral.

### 3. The Advantage of Having a Local Court Determine Questions of Local Law.

There are questions in this case about the applicability of Virginia law and whether there is any private cause of action not derived from ERISA. When Plaintiffs first obtained their insurance policy from Defendant on healthcare.gov it was an individual policy. Later, the policy became a fully insured group policy covered by Plaintiff's employer. The parties do not question the applicability of ERISA to the group policy, there are questions, however, regarding the applicability of ERISA to the timeframe of the individual policy. And such questions are likely to involve Virginia not Utah law. Thus, there is an advantage to having a Virginia court weigh in on questions of local law. This factor favors transfer.

### 4. Other factors such as enforceability of a judgment if one is obtained, relative advantages and obstacles to a fair trial, and difficulties that may arise from congested dockets.

The court fails to find anything as to these factors that prevents transfer and, in fact, congestion of dockets leans heavily in favor of transferring this case. There are no concerns with the enforceability of a judgment, or with obstacles to a fair trial. "When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169, (10th Cir. 2010). A comparison of this district with the Eastern District of Virginia[4] reveals the

---

[4] Statistics obtained from https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2022 (last accessed December 6, 2022).

docket in this district is substantially more congested than that of the Eastern District of Virginia. The time to disposition and trial in Utah are both longer and the average number of pending cases per judge is significantly more—341 in Virginia versus 526 in Utah. Weighted filings are also more in Utah—354 in Virginia to 433 in Utah. Thus, the less congested docket in the Eastern District of Virginia leans heavily in favor of transfer.

Having carefully considered the transfer-of-venue factors, the court finds the Eastern District of Virginia is a more convenient forum. Accordingly, in the interest of justice this action will be transferred to that forum.

## ORDER

For the reasons set forth above, Defendant's motion is GRANTED IN PART AND DENIED IN PART.

Defendant's Motion to Dismiss under 12(b)(2) is DENIED. [5]

Defendant's Motion to Transfer Venue is GRANTED.

IT IS ORDERED that this action be transferred to the United States Court for the Eastern District of Virginia.

DATED this 15 December 2022.

Dustin B. Pead
United States Magistrate Judge

---

[5] The court declines to rule on Defendant's Rule 12(b)(1) and 12(b)(6) motions because some considerations of Virginia law may apply to the resolution of those aspects of Defendant's Motion to Dismiss. Thus, those portions ares denied without prejudice.